IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION

| | |
|---|---|
| LEE MAYES,<br><br>                    Plaintiff,<br><br>vs.<br><br>DELTA AUTOMOTIVE SERVICES, INC., PETER GESNER, and PROTECTIVE INSURANCE COMPANY.<br><br>                    Defendants. | Civil Action No.: |

**COMPLAINT**

COMES NOW Lee Mayes, Plaintiff, and makes and files this complaint against Defendants Delta Automotive Services, Inc., Peter Gesner, and Protective Insurance Company as follows:

**PARTIES AND JURISDICTION**

1.

Plaintiff is a citizen of the State of Florida. The events giving rise to this action occurred in Tift County, Georgia on April 28, 2020, and Plaintiff is subject to the jurisdiction of this court.

2.

Defendant Delta Automotive Services, Inc. (hereafter: "Defendant Delta") is a foreign corporation organized under the laws of New Jersey. Defendant Delta's principal place of business is located at 125 Foothill Road, Bound Brook, NJ 08805. Because Defendant Delta has not designated or maintained a registered agent in Georgia for service process, service is proper on the Georgia Secretary of State pursuant to O.C.G.A. § 40-12-1 and Fed. R. Civ. P 4(h)(1)(A).

3.

Defendant Delta is engaged in business as an interstate motor carrier transporting goods for compensation and does business in Georgia, including and through Tift County, Georgia.

4.

Defendant Delta is subject to the jurisdiction of this Court pursuant to multiple authorities including Georgia Long Arm Statute, O.C.G.A. § 9-10-91, and O.C.G.A. § 40-12-1.

5.

Defendant Peter Gesner ("Gesner") is a resident of an unknown state and is subject to the jurisdiction of this court pursuant to multiple authorities including Georgia Long Arm Statute, O.C.G.A. § 9-10-91, and O.C.G.A. § 40-12-1.

6.

Defendant Protective Insurance Company (hereafter: "Defendant Protective Insurance") is a corporation with its principal place of business located at 111 Congressional Blvd., Suite 500, Carmel, IN 46032. Defendant Protective Insurance may be served through its registered agent for service of process to Corporation Service Company, 2 Sun Court, Suite 400, Peachtree Corners, GA 30092.

7.

Jurisdiction is proper in this court because the tortious acts in question occurred within the geographical territory of the United States District Court for the Middle District of Georgia.

8.

Jurisdiction and Venue are proper in this court as there is diversity of citizenship between tall plaintiffs and all defendants and the amount in controversy exceeds the jurisdictional limits.

## BACKGROUND

9.

On or about April 28, 2020, Plaintiff was parked at a rest stop in Tifton, Tift County, Georgia.

10.

Suddenly and without warning, Plaintiff's vehicle was struck in the back by a tractor-trailer driven by Defendant Gesner on behalf of Defendant Delta.

11.

On impact, Defendant Gesner's trailer became entangled with Plaintiff's tractor trailer. When Defendant Gesner attempted to back away, Plaintiff was thrown out of his bunk and onto the ground.

12.

As a result of the collision, Plaintiff suffered injuries to his neck and back.

### COUNT I – NEGLIGENCE (AS TO DEFEDANT GESNER)

13.

Plaintiff realleges and incorporates herein the allegations contained in paragraphs 1 through 12 above as if fully restated.

14.

Defendant Gesner was negligent in failing to keep a proper look out for other vehicles at the rest stop.

15.

Defendant Gesner was negligent in striking Plaintiff's vehicle with Defendant Delta's tractor-trailer.

16.

Defendant Gesner's negligence is a proximate cause of the collision, and Plaintiff's resulting injuries.

### COUNT II – IMPUTED LIABILITY (AS TO DEFENDANT DELTA)

17.

Plaintiff realleges and incorporates herein the allegations contained in paragraphs 1 through 16 above as if fully restated.

18.

At the time of the subject collision, Defendant Gesner was under dispatch for Defendant Delta.

19.

At the time of the subject collision, Defendant Gesner was operating his vehicle on behalf of Defendant Delta and within the course and scope of his employment with Delta.

20.

Defendant Delta is an interstate motor carrier, and pursuant to federal and state laws, is responsible for the actions of Defendant Gesner in regard to the collision described in this complaint under the doctrines of lease liability, agency, or apparent agency.

### COUNT III – NEGLIGENT HIRING, TRAINING & SUPERVISION (AS TO DEFEDANT DELTA)

21.

Plaintiff realleges and incorporates herein the allegations contained in paragraphs 1 through 20 above as if fully restated.

22.

Defendant Delta was negligent in hiring Defendant Gesner and entrusting him to drive a tractor-trailer when they knew or should have known that he was unqualified and unsafe as a driver.

23.

Defendant Delta was negligent in failing to properly train Defendant Gesner.

24.

Defendant Delta was negligent in failing to properly supervise Defendant Gesner.

25.

Defendant Delta's negligence in hiring Defendant Gesner and entrusting him with driving a commercial vehicle and failing to train and supervise him properly was a proximate cause of the collision, and Plaintiff's resulting injuries.

## COUNT IV – LIABILITY OF PROTECTIVE INSURANCE COMPANY

26.

Plaintiff realleges and incorporates herein the allegations contained in paragraphs 1 through 25 above as if fully restated.

27.

Defendant Protective Insurance provided liability coverage in the event of a motor vehicle collision involving the tractor-trailer driven by Defendant Gesner and is a proper party to this action pursuant to Georgia's Direct Action Statutes.

28.

Plaintiff is a beneficiary under said contract or policies of insurance.

29.

Plaintiff is entitled to receive payment from Defendant Protective Insurance for the tort liability of Defendant Delta Trucking Inc. and Defendant Gesner.

## COUNT V – DAMAGES

30.

Plaintiff realleges and incorporates herein the allegations contained in paragraphs 1 through 29 above as if fully restated.

31.

As a result of Defendants' negligence, Plaintiff suffered injuries to his neck and back and has a claim for past medical expenses in an amount equal to $20,365.10 to date, a claim for future medical expenses, and a claim for past and future lost wages.

32.

As a result of Defendants' negligence, Plaintiff has suffered permanent injuries and has a claim for past and future pain and suffering.

## COUNT VI – PUNITIVE DAMAGES

33.

Plaintiff realleges and incorporates herein the allegations contained in paragraphs 1 through 32 above as if fully restated.

34.

Defendants' conduct was reckless, willful and wanton, and demonstrates a conscious indifference to the consequences of their actions and entitles Plaintiff to an award of punitive damages.

**WHEREFORE**, Plaintiff prays that he have a trial on all issues and judgment against Defendants as follows:

a.  That Plaintiff recover past and future medical expenses and lost wages in an amount to be proven at trial;

b.  That Plaintiff recover for past and future physical and mental pain and suffering in an amount to be determined by the enlightened conscience of a finder of fact;

c.  That Plaintiff recover punitive damages in an amount to be determined by the enlightened conscience of a finder of fact; and

d.  That Plaintiff recover such other and further relief as is just and proper.

Respectfully Submitted, This 5th day of April, 2022.

**BOWEN PAINTER, LLC**

*/s/ W. Andrew Bowen*
W. ANDREW BOWEN
Georgia Bar No. 071398
PAUL W. PAINTER III
Georgia Bar No. 520965
P.O. Box 15008
Savannah, GA 31416
Telephone:   912/335-1909
Facsimile:   912/335-3537
Email:   andrew@bowenpainter.com
**ATTORNEYS FOR PLAINTIFFS**